IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RUBICEL AYALA** | § |
| **Plaintiff,** | § |
| v. | §  Civil Action No. 4:19-cv-1676 |
| **OPTIMUM PERSONAL CARE, INC.** | § |
| **Defendant.** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rubicel Ayala ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant, Optimum Personal Care, Inc., and shows as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all of her overtime hours and failing to pay for all hours worked in an effort to avoid paying for all time worked and for all overtime due. Plaintiff was not compensated at the rate of time and one-half her regular rate of

pay when she worked for more than fourty hours during each applicable work week and was not paid for all hours worked outside her normal work schedule.

## II.   PARTIES

3.   Plaintiff Rubicel Ayala is an individual who was employed by Defendant as a helper and caretaker of patients within the meaning of the FLSA.  She did not qualify for any exemption under the FLSA.  She hereby consents to be a party in this action and consents to serve as a class representative should a class action be asserted in this matter.  AT this point, she is only filing her individual claim in this matter.

4.   Defendant Optimum Personal Care, Inc., is a Texas corporation doing business in this District. A request for waiver of service will be sent to its registered agent: Bobby Gene English, Jr., 2021FM 1092 (Murphy Road), Missouri City, Texas77459.

## III.   JURISDICTION AND VENUE

5.   This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6.   Venue is proper in the Southern District of Texas, Houston Division, because the events forming the basis of the suit occurred in this District.

## IV.   COVERAGE

7.   At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

8.   At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.   At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and have an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

12. Defendant Optimum Personal Care, Inc. ("Optimum") is a full-service provider of health care and/or home health services located in Houston, Harris County, Texas. Optimum services patients in Texas and it is believed and averred that it does more than $500,000.00 per year in business and earns more than $500,000.00 in gross earnings per year.

13. Rubicel worked at Optimum Personal Care (OPC) from early 2016 to September 2017. Her normal work week was entering on Thursday at 6PM, working at least 12 hours a day each day (she worked 12 hours but 1 hour was always deducted for lunch regardless of whether she was able to take the lunch hour). Often she would be required to stay beyond the 6 o'clock hour waiting for her relief. However, she was not paid for the time beyond 6. While she was scheduled to work one week on and have one week off, she was often called in to work during her off week working approximately 3 additional days at 12 hours per day. Rubicel's hourly rate when she started was 7.25 an hour and was then bumped to 7.92 per hour.

14. In addition, during the hurricane in the Houston area in approximately August 2017, Rubicel was forced to stay and work 24 hours during at least a three day period and was not paid for all time worked nor all overtime hours worked.

15. It is believed that the company was aware that the employees were not paid correctly and that the company was sued or there was a Department of Labor matter asserted because of this practice before, demonstrating that the company knowingly continued its improper payment practices.

16. When Rubicel resigned in September 2017, the company gave her an additional check for hours that were missing for her last pay period. Even with this additional check, she was not compensated for all of her hours in this last pay period.

17. Plaintiff was paid on an hourly basis, but was not compensated at the rate of time and one half her regular rate of pay for the hours she worked in excess of 40 hours per week and she was not paid for all hours worked for each week as required by law.  Because Plaintiff regularly worked 40 or more hours per week, any extra time she worked would be considered overtime for which she was not paid.

18. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.  Plaintiff complained to Defendant about Defendant's failure to pay time-and-a-half for hours in excess of 40 hours in a workweek and Plaintiff was not paid for all hours she worked or for which she was "on call".  Defendant never fixed the problem after Plaintiff complained nor properly paid her for all of her time and overtime.

## VI.  CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

19. During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII.  RELIEF SOUGHT

20. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages and overtime due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b. For an Order awarding Plaintiff the costs of this action;

    c. For an Order awarding Plaintiff attorneys fees; and

    d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

BY:    /s/ Adam Poncio
        **ADAM PONCIO**
        **State Bar No. 16109800**
        **Suthern District ID No. 194847**
        **salaw@msn.com**
        **PONCIO LAW OFFICES**
        **A Professional Corporation**
        **5410 Fredericksburg Rd., Suite 109**
        **San Antonio, Texas 78229-3550**
        **Telephone:    (210) 212-7979**
        **Facsimile:    (210) 212-5880**


        **JUAN SOLIS**
        **State Bar No. 24103040**
        **Southern District ID No. 3364212**
        **jusolis@manuelsolis.com**
        **LAW OFFICE OF MANUEL SOLIS**
        **6657 Navigation Blvd.**
        **Houston, Texas 77011**
        **Telephone:    (713) 277-7838 ext. 1313**
        **Facsimile:    (281) 377-3924**

**ATTORNEYS FOR PLAINTIFF RUBICEL AYALA**